IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LOIS A. TYNDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:09-CV-1054-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act,  42 U.S.C. § 401 et seq. and for supplemental security income benefits under

Title XVI of the Social Security Act,  42 U.S.C. § 1381 et seq., alleging that she was unable

to work because of a disability.  Her application was denied at the initial administrative level.

The plaintiff then requested and received a hearing before an Administrative Law Judge

("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council

rejected a subsequent request for review.  The ALJ's decision consequently became the final

decision of the Commissioner of Social Security (Commissioner).[1]  *See  Chester v. Bowen*,

792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to

---

[1]  Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L.
No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to
Social Security matters were transferred to the Commissioner of Social Security.

42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

(1) Is the person presently unemployed?

(2) Is the person's impairment severe?

(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

(4) Is the person unable to perform his or her former occupation?

(5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

---

[2]Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction.** The plaintiff was 40 years old at the time of the hearing before the ALJ and has a 10th grade education. The plaintiff's prior work experience includes work as a certified nurse's assistant and poultry worker. Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of residuals from scars on lower extremities and cervical and lumber degenerative disc disease. Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform light work with the exception that the plaintiff can lift ten pounds occasionally; sit, stand or

walk throughout an eight hour day with the opportunity to alternate positions in fifteen minute intervals, and avoid concentrated exposure to extreme heat or cold.  A vocational expert testified that even with these limitations, the plaintiff could perform work as surveillance system monitor, an order clerk and a bench assembler.

**B. The Plaintiff's Claims.**  The plaintiff presents the following issues for the Court's review.

1.  The ALJ failed to accord adequate weight to the opinion of her treating physician, Dr. Roberts.

2.  The ALJ erroneously determined that the plaintiff was not disabled because she was able to engage in short duration of activities.

3.  The ALJ failed to find the plaintiff's pain testimony credible despite medical evidence supporting that testimony.

## IV.  Discussion

**A. The Treating Physician's Opinion.**  The plaintiff's treating physician completed a physical capacities evaluation form on which he indicated that the plaintiff could lift only 5 pounds occasionally, could sit only 1 hour in an 8 hour day but with severe pain and could stand or walk only 1 hour in an 8 hour day.  He also found that the plaintiff could never climb, balance or use fine manipulations and rarely bend or stoop.  Dr. Roberts further concluded that because of her back and leg pain, the plaintiff would likely miss more than 4 days of work in a month.  The ALJ concluded that this opinion was not supported by Dr. Roberts' treatment records.

In terms of the claimant's alleged inability to sit, stand, or walk over five minutes due to pain in her feet, pain in her back, weakness, and fatigue, the claimant's allegations are not credible to the extent alleged. The claimant testified that she can walk for about three to five minutes before her ankles begin to have pain. She also testified that she can stand for three to four minutes before her feet start to sting. After sitting for a period of three to four minutes her back and feet start hurting. She testified that to reduce her pain she has to lie back in her recliner. Also, the claimant testified that she becomes dizzy associated with holding up her arms and doing activities when questioned about her complaints of weakness and fatigue to Dr. Roberts. She testified that these symptoms also cause her to return to sitting in the recliner after five minutes of activity.  However, this testimony is not supported by the medical evidence. Dr. Roberts's treatment notes indicate that the claimant consistently reported that her foot and leg pain was present since December 2007, but also indicates that she has some neuropathy and pain in her hands associated with the foot pain at each of her examinations. However, the claimant's feet and legs, prior to being treated by Dr. Roberts, were indicated to be healing or healed with the only symptom as sensitivity and complaints of pain over the scarred area and the claimant has little indicated treatment prior to Dr. Roberts. When examined by Dr. Vanderzyl, the claimant indicated that she takes only over the counter pain medication to relieve her pain and he stated that the claimant appeared to be in no distress despite her complaints of pain and observed sensitivity on and near her scars. Furthermore, the claimant was examined at Elba Hospital on August 25, 2008. She complained of forearm pain that had lasted several days and sought treatment, but does not indicate pain other than her forearm pain in her feet or back. Also, the Emergency Room records indicate that the claimant had been using a weed eater a lot lately. This was stated as the possible reason for her arm pain, but also is definitely inconsistent with the claimant's alleged limitations.  While the claimant consistently reports some pain, the allegations of pain at the hearing are not credible to the extent she alleges (Exhibit 6F; Exhibit 9F; Exhibit 8F; Exhibit 6F; Exhibit 5F).

The claimant has also been treated a back impairment by Dr. Roberts. However, the claimant's testimony and Dr. Roberts treatment notes both indicate that surgery is not recommended for the claimant's back impairment and her pain level is rated in the treatment notes for all impairments together when she indicates that she has 9 out of 10 on a scale of relief by Advil on June 10, 2008. The claimant testified that she has only been prescribed muscle relaxers to treat her back impairment and that no other treatment was recommended. As late as the claimant's examination on July 21, 2008, Dr. Roberts only indicates to avoid heavy lifting or further strain to the back as his

only limitation. Although he indicates that the claimant was experiencing signs of tenderness, spasm, and swelling, the claimant indicates at the earliest examination by Dr. Roberts that she has received relief rated at nine out of ten on a scale of no relief to complete relief with both Lortab and Naprosyn and only zero to one rating on a similar scale rating presence of side effects. This was in addition to June 10, 2008 when the claimant indicated to Dr. Roberts that she is currently taking Advil which she also rated as 9 out of 10 on a scale of her relief level (Exhibit 6F; Exhibit 9F).

The claimant's activities of daily living are also do not completely support her credibility. She testified that she is capable of doing some housework with assistance from her children and help the children with homework, but cannot go to school activities. However, the claimant also stated that she is able to do some shopping in a wheelchair cart at the store. She also testified that she is able to do some laundry and can lift the laundry basket. She also testified that she and her children do the cooking, sweeping, and vacuuming together, but she can perform her own personal care and bathe herself.  She also testified that she is able to relax for a period of time and then do more activities while her children are at school.

In terms of the claimant's alleged need to elevate her feet due to swelling, this limitation is not accepted as credible to the extent alleged. There is no medical evidence to support a requirement that the claimant must elevate her feet due to swelling. The claimant testified that she keeps her feet elevated most of the day in her recliner and if she doesn't keep her feet elevated she must use a heating pad when she gets home. However, there is no indication of this requirement provided in any of the medical evidence to require the claimant to elevate her feet. Dr. Roberts states in his treatment notes that the claimant should obtain adequate rest, but he does not suggest that the claimant elevate her feet. In fact, there is no evidence of medical treatment requiring the claimant to elevate her feet. Despite the complaints of the claimant's feet swelling to Dr. Robert she does not indicate that elevating her feet. Additionally, there is no treatment corresponding to this symptom other than precautions of adequate rest, avoid heavy lifting, and take medications as prescribed.  Furthermore, the claimant indicates that she receives nine out of ten on a scale of increasing pain relief from her medications. However, the undersigned does accept the limitation that the claimant should limit time on her feet or even prolonged sitting as adopted in the residual functional capacity by alternating positions every fifteen minutes. Given the opportunity to move around the limitations provided by the medical evidence should be satisfied and the claimant's condition should not be exacerbated (Exhibit 9F; Exhibit 6F).

6

*     *     *     *

However, Dr. Roberts's medical opinion in Exhibit 7F is given little weight. The claimant acknowledged that she was with him when he completed it providing him the answers to the questions. Although he did endorse the form, the limitations indicated in Exhibit 7F are inconsistent with his treatment notes which fail to show substantial objective medical evidence on which to base such restrictive limitations. Dr. Roberts's limitations indicated in his treatment notes are significantly less restrictive than stated in Exhibit 7F. "Avoid heavy lifting or further strain to the back" is repeatedly stated in Exhibit 6F and Exhibit 9F as the only limitation as recently as July 2008. Therefore, in contrast, great weight is given to the medical opinion of Dr. Roberts as provided in his treatment notes.

(R. at 15-17)

Social Security regulations provide guidelines for an ALJ to use when evaluating medical opinion evidence. *See* 20 C.F.R. § 404.1527. The ALJ considers many factors when weighing medical opinions, including the examining relationship, the treatment relationship, how supported an opinion is, whether an opinion is consistent with the record, and a doctor's specialization. 20 C.F.R. § 404.1527(d)(1)-(6). The testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). A similar preference for the opinions of treating doctors is found in the Commissioner's regulations:

Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 CFR § 404.1527(d)(2). *See also* 20 C.F.R. § 404.1502 (Definition of treating source).

The plaintiff argues that Dr. Roberts' opinion is supported by substantial evidence as contained in his treatment records. The plaintiff points to the records which show she presented to Dr. Roberts with complaints of back, neck and leg pain. (R. 227, 298) The plaintiff notes that Dr. Roberts found that she had pain on palpation of her neck muscles and noted swelling. (R. 227) In addition, the record does show that she has degenerative changes in her back which is unstable. (R. 228-229) The plaintiff also argues that Dr. Robert's opinion is bolstered by Dr. Lett's examination from which he concluded that the plaintiff's feet were hypersensitive, that she had problems ambulating, had ankle scars and decreased sensation causing uncomfortable dysesthesias. (R. 217)

The ALJ properly and adequately set forth his reasons for not fully accepting Dr. Roberts' evaluation of the plaintiff. The record shows that the plaintiff adequately controls her pain with over-the-counter medications the majority of time. With regard to her back pain, surgery is not recommended and she takes only muscle relaxers. In his notes of July 21, 2008, Dr. Roberts recommended only that she avoid heavy lifting or further strain on her back. In addition, the plaintiff's activities of daily living show that she is capable of some activity. More telling, however, is the plaintiff's visit to the Elba Hospital Emergency Room in August 2008. She complained only of pain in her forearm. The records from that visit contain the notation, "Pt has been weed eating a lot lately." (R. 295)

It is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Instead the court reviews the

record to determine if the decision reached is supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence "is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. A "mere scintilla" of evidence, however, will not suffice. *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998).  After a careful review of the medical records as a whole, the court concludes that substantial evidence supports the ALJ's decision to reject the opinion of Dr. Roberts.

The plaintiff also argues that because the ALJ stated in her opinion that she did not give weight to Dr. Roberts' opinion expressed in the physical capacities evaluation form because the claimant was with him and provided answers to him, the ALJ had a duty to recontact Dr. Roberts to clarify this opinion.  As reflected above, the evidence in the records does not support the opinion expressed in the form.  The ALJ more than adequately set forth her reasons for rejecting the opinion.  Nothing more was required.  The plaintiff is not entitled to relief on this claim.

**B.  The Short Duration of Activities Claim.**  The plaintiff argues that the ALJ erred because she found the plaintiff not disabled because she was able to engage in sporadic daily activities.  If the ALJ's decision was premised only on the plaintiff's activities of daily living, she would be correct.  However, as reflected at length above the ALJ's decision was based on an exhaustive review of the medical records as a whole as well as the activities of the plaintiff.  The ALJ did not conclude that the plaintiff could perform a full range of light work

but limited her to lifting ten pounds occasionally; sitting, standing or walking throughout an eight hour day with the opportunity to alternate positions in fifteen minute intervals, and avoiding concentrated exposure to extreme heat or cold.  These limitations account for the physical limitations of the plaintiff.  No relief is due on this claim.

**C.   Rejection of the Plaintiff's Testimony.**   The plaintiff argues that the ALJ improperly rejected her testimony about the effects of her pain.  She argues that she continually sought medical relief with no results, noting that Dr. Lett said she had no improvement in three years and medicine provided no significant relief.

Where an ALJ decides not to credit a claimant's testimony about pain (or other non-exertional impairments), the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Cater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529,1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale v. Bowman*, 831 F.2d 1007,1012 (11th Cir. 1987).  Here, the ALJ articulated specific and adequate reasons for his conclusion to not fully credit the plaintiff's testimony.

On December 21, 2005, the plaintiff saw Dr. Lett complaining of pain in the "anterior aspect of her foot and ankle." (R. 212) Dr. Lett stated that "[t]his has essentially been unchanged since our last visit with no noticeable improvement over the last three years.  The medicine I gave her did not provide her with any significant relief.  She therefore stopped it."

*Id.*  The medicine given the plaintiff by Dr. Lett was Neuronic and Alluvial.

Notwithstanding this single comment by Dr. Lett, the entire record as reviewed by the ALJ shows that the plaintiff generally has adequate pain control with over-the-counter pain medications.  Indeed, on June 10, 2008, (R. 323) and on July 21, 2008, (R. 309) the plaintiff reported to Dr. Roberts that Advil provided almost complete relief of her pain.  The ALJ took into account the plaintiff's allegations of pain, and he did not completely discount them.  That is evident from the limitations he found with regard to her ability to do light work.  However, the ALJ's conclusion about the credibility of the plaintiff regarding her pain is supported by substantial evidence in the record.

For the foregoing reasons, the decision of the Commissioner is due to be affirmed.  A separate final judgment will be entered.

Done this 30th day of March, 2011.


_____ /s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

11